IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM R. CRAVER,

       Plaintiff,                No. CIV S-11-1570 CKD P

   vs.

TRACI A. BREWER, et al.,

       Defendants.         <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  He seeks relief pursuant to 42 U.S.C. § 1983.  After plaintiff's original complaint in this action was dismissed with leave to amend, plaintiff filed a First Amended Complaint on August 30, 2011. (Dkt. No. 12; <u>see also</u> Dkt. No. 14 (supplement to FAC).)

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, plaintiff alleges that defendant Brewer of Child Protective Services "falsified a Protective Custody Order" to state that plaintiff was a registered sex offender. Plaintiff further alleges that defendant Lang, a West Sacramento police officer, "verified the custody order with his signature[.]" (Dkt. No. 12 at 3; see Dkt. No. 14.)  Plaintiff attaches a protective custody report dated February 26, 2010 and signed by Brewer and Lang which

1    concerns sexual advances made to a 15-year-old minor by her mother's boyfriend.  The report

2    notes: "Mother's b/f a 290"  – an apparent reference to California Penal Code section 290, known

3    as the Sex Offender Registration Act.  (Id. at 5.)

4           In a supplement to the complaint, plaintiff explains that Brewer and Lang came to

5    his and his fiancee's home "to look into a probable sexual assault by me on my fiance's 15 year

6    old daughter on February 28, 2010 . . . [.] At the time of this inquiry, I was on parole[.]"  Plaintiff

7    appears to claim that he has never been convicted of a sexual offense that would require him to

8    register as a sex offender under California Penal Code section 290(c) (listing various offenses

9    requiring registration).  While plaintiff does not state as much in his complaint or supplementary

10   pleading, it appears possible that plaintiff's parole was revoked due to this incident, as plaintiff is

11   currently in prison.  He claims that he is subject to constant ridicule as a sex offender by

12   correctional officers and other inmates.[1]  (Dkt. No. 14.)  Plaintiff seeks "financial relief for the

13   mental and physical suffering" resulting from defendants' "accusation." (Dkt No. 12  at 3.)

14          In Daniels v. Piercy, No. 1:10-cv-00630 JLT (PC), 2011 WL 284967 (E.D. Cal.

15   Jan. 26, 2011), the court addressed similar allegations at the screening stage.  In Daniels, plaintiff

16   alleged that defendant parole officers falsely reported that he had been previously convicted of

17   raping a child under 14.  "As a result, . . . a condition of parole was imposed on him that

18   prohibited him from having contact with children.  Some time later, he was violated on parole

19   due, it appears, to his violation of this condition."  Plaintiff alleged that as a result of this parole

20   violation, he was returned to state prison.  He claimed that defendants made the "false report"

21   about him so that he "would be labeled a violent child molester" and that it was done with the

22   "intent to have me hurt or killed."  Plaintiff requested an investigation into his claims and asked

23   that the parole condition barring him from contact with children be "stricken."  (Id. at *2.)

24

25          [1] Plaintiff also claims that he has been "defamed" by defendants and "slandered" by "the
     family courts of Woodland, California."  These allegations are clearly not actionable under 42 U.S.C.
26   § 1983, which governs alleged violations of federal constitutional rights.

The <u>Daniels</u> court determined that, "because Plaintiff's success on this claim would likely imply the invalidity of his parole determination and confinement, the complaint must be dismissed" under <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994).  (<u>Id</u>. at *3.) <u>Heck</u> prohibits a prisoner from raising a claim under 42 U.S.C. § 1983 that, if successful, would invalidate a conviction or sentence that has not been "reversed, expunged or called into question by issuance of a writ of habeas corpus." <u>See</u> <u>also</u> <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1025 (9th Cir.1997) (finding that <u>Heck</u> applies to a challenge to the procedures used in the denial of parole); <u>White v. Gittens</u>, 121 F.3d 803, 807 (1st Cir. 1997) (applying Heck to the decision to revoke parole).

Here, insofar as plaintiff seeks to challenge the revocation of his parole based on defendants' report, the same conclusion is warranted.  Under <u>Heck</u>, before plaintiff may seek damages related to his incarceration, he must show that the parole revocation has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the issuance of a writ of habeas corpus.  <u>Id</u>. at 487.

Insofar as plaintiff is claiming that his conditions of confinement are unconstitutional because he is being ridiculed as a sex offender by correctional guards and other inmates, these allegations do not implicate named defendants Brewer and Lang, who are not responsible for how plaintiff is treated while in CDCR custody.  Thus the FAC must be dismissed in its entirety.

Plaintiff will be granted one more opportunity to amend the complaint to state a claim.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that the First Amended Complaint (Dkt. No. 12) is dismissed for the reasons discussed above, with leave to file a Second Amended Complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

Dated: April 10, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
crav1570.FAC